UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ORIENTAL MEDICAL SUPPLIES, INC., and LHASA OMS, INC., <br><br> Plaintiffs <br><br> v. <br><br> ASIA-MED GMBH & CO., KG, <br> AM HOLDINGS, LLC, As General Partner of <br> ASIAMED PROFESSIONAL, L.P. <br> AM HOLDINGS, LLC, KLAUS TEICHERT, and <br> MICHAEL JOY, <br><br> Defendants. | CIVIL ACTION NO: <br><br> 03-CV-12234 JLT <br><br> MAGISTRATE JUDGE _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

### I. INTRODUCTION

Plaintiffs Oriental Medical Supplies, Inc. ("OMS") and Lhasa OMS, Inc. hereby file their Complaint against Defendants Asia-Med Gmbh & Co., KG, Am Holdings, LLC, as General Partner of Asiamed Professional, Limited Partnership, Dr. Klaus Teichert, and Michael Joy as follows:

### II. PARTIES

1. Plaintiff Oriental Medical Supplies, Inc. ("OMS") is a corporation duly organized under the laws of the Commonwealth of Massachusetts, with a principal place of business at 230 Libbey Parkway, Weymouth, Massachusetts. The President of OMS is Thomas A. Riihimaki. The sole shareholders of OMS are Thomas A. Riihimaki and Kyung P. Riihimaki.

{K0270981.1}

2. Plaintiff Lhasa OMS, Inc. ("Lhasa OMS") is a corporation duly organized under the laws of the Commonwealth of Massachusetts, with a principal place of business at 234 Libbey Parkway, Weymouth, Massachusetts. The President and Chief Executive Officer of Lhasa OMS is Kyung P. Riihimaki. Thomas A. Riihimaki assists management, including Kyung P. Riihimaki, with the daily operations of Lhasa OMS. Kyung P. Riihimaki is the sole shareholder of Lhasa OMS.

3. Defendant Asia-Med, GmbH & Co., KG ("Asia-Med") is a German limited partnership with a principal place of business in Pullach, Germany. Upon information and belief, Asia-Med conducts business in the Commonwealth of Massachusetts

4. Defendant Asiamed Professional, Limited Partnership ("Asiamed Professional") is a Delaware limited partnership with a principal place of business at 25 Drydock Street in Boston, Massachusetts. Asiamed Professional is formerly known as AM Professional Supplies, Limited Partnership.

5. Defendant AM Holdings, LLC ("AM Holdings") is a Delaware limited liability company, with a principal place of business at 25 Drydock Street, Boston, Massachusetts. AM Holdings is the General Partner of Asiamed Professional.

6. Defendant Klaus Teichert ("Dr. Teichert") is an individual residing in Germany. Dr. Teichert is the Managing Director and Chief Executive Officer of Asia-Med, and the Managing Director of AM Holdings.

7. Defendant Michael Joy is an individual residing in the Commonwealth of Massachusetts.

### III. JURISDICTION AND VENUE

8.  This is an action for injunctive relief and damages for (i) a) Defendants' infringement of the trademarks of Plaintiffs, b) Defendants' false designation of origin, and c) unfair competition, all in violation of the Lanham Act, at 15 U.S.C. § 1125; (ii) Defendants' violation of the Anti-Cybersquatting Consumer Protection Act, at 15 U.S.C. § 1125; and, (iii) claims arising under the laws of the Commonwealth of Massachusetts for unfair and deceptive trade practices under Massachusetts General Laws, Chapter 93A, conversion, unfair competition, misappropriation, breach of fiduciary duty, and civil conspiracy.

9.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and under 15 U.S.C. § 1121. This Court also has subject matter jurisdiction over the pendent state law claims.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c) and under 28 U.S.C. § 1400(a).

### IV. FACTUAL ALLEGATIONS

A.  Plaintiffs Hold the "Lhasa", "OMS", and "Lhasa OMS" Marks in the Oriental Medical Supply Industry

11. OMS is in the business of the importation and wholesale sale of oriental medical supplies, including acupuncture needles, and other health related products. OMS is the exclusive distributor of the Seirin brand acupuncture needles for Seirin-America, Inc. in the United States.

12. OMS has been using the mark "OMS" in connection with its services since at least 1980, and has held United States trademark registration No. 2,280,353 since

September 28, 1999. A true and accurate copy of the OMS trademark registration is attached as Exhibit "A", and incorporated herein by reference.

13. Lhasa OMS is in the business of wholesale and retail sale of oriental medical supplies, including acupuncture needles, and other health related-products.

14. Lhasa OMS was originally incorporated as Lhasa Medical, Inc. ("Lhasa Medical") in 1990. Lhasa Medical, Inc. changed its name to Lhasa OMS, Inc. by filing Articles of Amendment with the Secretary of State of the Commonwealth of Massachusetts on July 25, 2003.

15. In 2003, OMS reorganized its business. Lhasa OMS assumed responsibility for wholesale and retail sales of oriental medical supplies that had previously been undertaken by OMS, including acupuncture needles.

16. In July 2003, OMS licensed the right to use its "OMS" mark to Lhasa OMS in connection with the latter's corporate name and corporate logo.

17. Lhasa OMS and/or Lhasa Medical have used the term "LHASA" in connection with its oriental medical supply business since at least January 24, 1990. On September 23, 2002, Lhasa OMS filed an application for United States trademark registration, serial number 76/454047, for the mark "LHASA" for use in connection with its services. A true and accurate copy of the registration application is attached as Exhibit "B", and incorporated herein by reference.

18. Lhasa OMS has been using the term "LHASA OMS" in connection with its oriental medical supply business since July of 2003. Lhasa OMS filed an application for United States trademark registration for "LHASA OMS" and for its logo on

November 4, 2003. A true and accurate copy of the application is attached as Exhibit "C", and incorporated herein by reference.

    B.    Michael Joy Gains Access to the Confidential and Proprietary Business Information of Lhasa OMS as Senior Manager

19. Michael Joy was employed by Lhasa Medical and then Lhasa OMS until September 17, 2003.

20. Mr. Joy was an employee of Lhasa Medical or Lhasa OMS for ten years when he resigned his position at Lhasa OMS on September 17, 2003.

21. Mr. Joy held the position of Senior Manager of Lhasa OMS. Mr. Joy also assisted in the management of OMS.

22. At all times relevant hereto, Mr. Joy held a position of trust and confidence within Lhasa OMS and OMS.

23. Mr. Joy had access to the most sensitive confidential and proprietary information of Lhasa OMS and OMS. Mr. Joy was one of only four employees who held a password necessary to gain access to the computerized databases of the companies. The computerized databases stored confidential information regarding Lhasa OMS and OMS suppliers and customers. Mr. Joy also assisted in the reorganization of the companies in the spring and summer of 2003, when Lhasa OMS assumed the retail and wholesale operations of OMS. Mr. Joy was able to review daily sales reports. Mr. Joy was also involved in and aware of the marketing plans, business development strategies, and product development and distribution efforts of Lhasa OMS and OMS. Mr. Joy attended trade shows to promote the products of Lhasa and Lhasa OMS. Mr. Joy's duties and responsibilities included assisting in advertising campaigns for Lhasa OMS and OMS, conducting customer service activities, and interfacing with customers and

suppliers of Lhasa OMS and OMS products. Mr. Joy assisted management with devising and implementing the business and marketing plans for Lhasa OMS and OMS.

24.   In the July 2003, Mr. Joy assisted Lhasa OMS in preparing a patent application filed with the United States Patent and Trademark Office for a new acupuncture needle developed by a leading Korean manufacture, and jointly filed with Lhasa OMS.

C.   Asia-Med Fails in Its Attempts to Acquire the Business of OMS

25.   Asia-Med is a competitor of Lhasa OMS in the oriental medical supply industry. Asia-Med manufactures and distributes acupuncture needles in Europe, including the exclusive rights to distribute the Seirin brand of acupuncture needles in Europe.

26.   In 2002, Asia-Med undertook efforts to enter the United States market.

27.   In November of 2002, Dr. Teichert approached Thomas A. Riihimaki and Kyung P. Riihimaki and offered to acquire the business of OMS. In particular, Dr. Teichert stated his interest in acquiring OMS wholesale distribution rights to the Seirin brand of acupuncture needles, which are sold at retail and wholesale by Lhasa OMS.

28.   Negotiations continued between Asia-Med and OMS from February 2003 through June 2003. During this time, Dr. Teichert visited the offices of OMS in Weymouth, Massachusetts on a number of occasions, and met Mr. Joy. Mr. Joy was also aware of the status of the negotiations and discussions with Dr. Teichert.

29.   In conjunction with the negotiations, Asia-Med executed a non-disclosure and confidentiality agreement (hereinafter the "Confidentiality Agreement") with OMS, whereby Asia-Med warranted and represented not to utilize any of the confidential or

proprietary business information of OMS provided during the course of business negotiations for any purpose, including, but not limited to, competing with OMS in the oriental medical supply industry. A true and accurate copy of the Confidentiality Agreement is attached hereto at Exhibit "D", and incorporated herein by reference. During the course of the negotiations, OMS provided Asia-Med with confidential and proprietary business information of OMS. Dr. Teichert also learned of the business plan to change the name to Lhasa OMS, and of the planned marketing and promotional campaign to be undertaken by Lhasa OMS.

30. During the course of negotiations, Dr. Teichert told Mr. Riihimaki that Asia-Med intended to take-over the United States distribution of Seirin acupuncture needles. Dr. Teichert threatened, intimidated, and coerced OMS in an effort to persuade OMS to sell the business to Asia-Med, stating, in words or in substance, that Asia-Med would directly target, harm, and take away OMS business unless OMS sold the business to Asia-Med.

31. OMS finally rejected the acquisition proposals made by Dr. Teichert on behalf of Asia-Med in June 2003. Dr. Teichert was angry. Dr. Teichert responded by stating he intended to take steps to weaken OMS and harm its business.

D. Lhasa OMS Instructs Mr. Joy to Register for Domain Names in Conjunction with a Major Sales and Marketing Campaign

32. Commencing in the spring of 2003, Lhasa OMS undertook, at substantial expense, a campaign to promote retail sales of oriental medical supplies under the Lhasa OMS name.

33. A central element of the Lhasa OMS sales and marketing campaign was the creation of a new web-site. On May 29, 2003, Mr. Riihimaki instructed Mr. Joy, as

{K0270981.1}    7

Senior Manager, to register the domain names of www.lhasaoms.com and www.lhasaomsmedical.com, (hereinafter collectively the "Domain Names"). The purpose of the registration was to secure the Domain Names as the property of and on behalf of Lhasa OMS in conjunction with the extensive marketing campaign, including the creation of the Lhasa OMS web-site at www.lhasaoms.com.

34. Mr. Riihimaki authorized Mr. Joy to use his credit card to pay for the on-line registration of the Domain Names.

35. The Domain Names incorporated the trademarks of Lhasa OMS and OMS.

36. The Domain Names constitute intellectual property and assets of and belonging to Lhasa OMS and OMS.

37. On or about May 29, 2003, Mr. Joy represented to Mr. Riihimaki that he had registered the Domain Names as requested. Mr. Joy provided Mr. Riihimaki with a document that Mr. Joy affirmatively represented was a copy of the on-line registration form proving the registration of the Domain Names on behalf of Lhasa OMS. A true and accurate copy of the false registration is attached as Exhibit "E", and incorporated herein by reference.

38. Lhasa OMS relied upon the representations made by Mr. Joy about the purported registration of the Domain Names.

39. Commencing in July 2003, Lhasa OMS referred to the new web-site at www.lhasaoms.com in its new catalog and on its new product order forms. Lhasa OMS printed and mailed in excess of 10,000 catalogs to acupuncture practitioners in August, September, and October of 2003. The catalogs prominently displayed the domain name

www.lhasaoms.com for the new web site and stated: "We welcome you to visit our new web-site. Beginning in the fall of 2003, we will be offering a detailed easy to use search, user-friendly interface, Quick order and Quick search features, and lots of room for browsing." Lhasa OMS also retained the services of a web-designer to develop the new web-site using the address www.lhasaoms.com with internet links for operation in the fall of 2003.

40. Contrary to the representations made to Mr. Riihimaki and unknown to Lhasa OMS, Mr. Joy did not register any of the Domain Names on behalf of Lhasa OMS.

41. Mr. Joy falsely represented to Mr. Riihimaki, and to Lhasa OMS, that he had completed the domain name registration on behalf of Lhasa OMS.

42. Mr. Joy falsely represented to Mr. Riihimaki, and to Lhasa OMS, that he had completed the domain name registration on behalf of the company, so that Mr. Joy could exercise dominion and control over the domain name www.lhasaoms.com for the purpose of assisting in the creation of an enterprise to compete with Lhasa OMS.

43. Mr. Joy falsely represented that he had registered the Domain Names for Lhasa OMS, with the intention of misappropriating the Domain Names for his personal benefit and for the benefit of Asiamed Professional.

E. Mr. Joy Leaves Lhasa OMS to Join Asiamed Professional in Massachusetts, and Steals the Lhasa OMS Domain Names

44. After Dr. Teichert and Asia-Med failed in their efforts to acquire OMS, they established new companies, with offices located in Boston, to sell oriental medical supplies, including acupuncture needles, in the United States.

45. AM Holdings is the General Partner of Asiamed Professional. AM Holdings was formed in Delaware on August 11, 2003, and registered to do business in

Massachusetts on August 19, 2003. Dr. Teichert is the Managing Director of AM Holdings. AM Professional Supplies was formed in Delaware on August 14, 2003, and registered to do business in Massachusetts on August 20, 2003. AM Professional Supplies subsequently changed its name to Asiamed Professional, Limited Partnership in Delaware on September 25, 2003, and in Massachusetts on September 30, 2003.

46.     Asiamed Professional competes directly with Lhasa OMS in the oriental medical supply industry in the United States. Asiamed Professional recently attended an acupuncture trade show focused on the United States market in San Diego, California, which was also attended by Lhasa OMS. Asiamed Professional presented its oriental medical products at the trade show.

47.     As part of the company reorganization in the spring of 2003, Mr. Joy made recommendations on employees to terminate. Mr. Joy recommended the termination of an assistant manager, William Eppich. After Mr. Eppich was terminated, Mr. Joy told Mr. Riihimaki that Mr. Eppich had contacted Dr. Teichert about employment. One or two months later, Mr. Joy denied knowing anything more about Mr. Eppich possibly working for Dr. Teichert. Mr. Eppich is currently employed by Asiamed Professional in Boston as Director of Sales.

48.     On September 17, 2003, Mr. Joy suddenly announced his resignation from Lhasa OMS. In his resignation letter, Mr. Joy stated that he would be working with AM Professional Supplies and Dr. Teichert, and that he had been considering his decision for "quite a while." A true and accurate copy of the resignation letter is attached as Exhibit "F", and incorporated by reference.

49. Mr. Joy currently holds the position of Director of Business Development for Asiamed Professional in Boston.

50. Upon information and belief, Mr. Joy was acting at the direction of Asiamed Professional and/or Dr. Teichert, direct competitors to Lhasa OMS, while he was still employed as Senior Manager of Lhasa OMS.

51. Upon information and belief, Mr. Joy was assisting Dr. Teichert in the planning and development of Asiamed Professional as a competing business to Lhasa OMS in the oriental medical supply industry while Mr. Joy was still employed as Senior Manager of Lhasa OMS.

52. After Mr. Joy resigned, Lhasa OMS continued with its sales and marketing campaign, including developing the new web-site utilizing www.lhasaoms.com. To date, Lhasa OMS has expended in excess of $16,000.00 to design its new web-site.

53. According to the records of Network Solutions, Inc., on September 18, 2003, the day after Mr. Joy resigned from Lhasa OMS, Asiamed Professional, under the name of AM Professional Supplies, filed a domain name registration for www.lhasaoms.com. At the time of the registration of the domain name, Asiamed Professional, Dr. Teichert, and Mr. Joy all knew Lhasa OMS required the domain names to operate the Lhasa OMS web-site. A true and accurate copy of the Network Solutions, Inc. "Whosis" report, printed on November 3, 2003, for the domain name www.lhasaoms.com is attached as Exhibit "G and incorporated herein by reference.

54. According to the records of Network Solutions, Inc., on September 29, 2003, Asiamed Professional, under the name AM Professional Supplies, filed domain

name registrations for www.lhasaoms.net and www.lhasaoms.org (www.lhasaoms.com, www.lhasaoms.net, and www.lhasaoms.org are hereinafter collectively referred to as the "Lhasa OMS Domain Names"). True and accurate copies of the Network Solutions, Inc. "Whosis" reports, printed on November 3, 2003, for the domain names www.lhasaoms.net and www.lhasaoms.org, are attached hereto as Exhibits "H" and "I", and incorporated herein by reference.

55. On November 3, 2003, as Lhasa OMS was making final preparations to make its new web-site operational, Lhasa OMS learned that www.lhasaoms.com was already taken by another registrant and not available for use as part of its new web-site.

56. As of November 11, 2003, AM Professional Supplies is listed as the registrant of the Lhasa OMS Domain Names.

57. On September 30, 2003, Asiamed Professional changed its name from AM Professional Supplies, Limited Partnership to Asiamed Professional, Limited Partnership. Asiamed Professional did not change the contact information for the registration of the Lhasa OMS Domain Names to reflect the change in its name.

58. Asiamed Professional has wrongfully taken dominion and control over the Lhasa OMS Domain Names of and belonging to Lhasa OMS.

59. Asiamed Professional currently controls the Lhasa OMS Domain Names. Because of the registration by AM Professional Supplies, now Asiamed Professional, Lhasa OMS cannot use www.lhasaoms.com, www.lhasaoms.net, or www.lhasaoms.org as part of its web-site. The Lhasa OMS web-site is not operational as anticipated. Lhasa OMS customer service representatives have received complaints that customers are not able to access the Lhasa OMS web-site, as advertised.

60. Asiamed Professional, with the direct assistance and planning of Mr. Joy, has converted and misappropriated the intellectual property and assets of Lhasa OMS to gain an unfair competitive advantage in the oriental medical supply industry.

61. Asiamed Professional, with the direct assistance and planning of Mr. Joy, intentionally and willfully converted and misappropriated the intellectual property and assets of and belonging to Lhasa OMS to usurp and trade on the significant goodwill of Lhasa OMS in the oriental medical supply industry.

62. Asiamed Professional intends to target existing Lhasa OMS customers to sell the same products utilizing confidential and proprietary information Mr. Joy learned of and had access to while he worked for Lhasa OMS as Senior Manager.

63. Upon information and belief, Mr. Joy is using the confidential and proprietary business information of Lhasa OMS to assist the business operations of Asiamed Professional, as a direct competitor of Lhasa OMS.

64. Upon information and belief, Asiamed Professional, with the assistance and direction of Mr. Joy, has solicited the customers and suppliers of Lhasa OMS, with the purpose of inducing the customers and suppliers to terminate relationships with Lhasa OMS and bring the business to Asiamed Professional.

## V. CAUSES OF ACTION

### COUNT I

### VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

### (15 U. S. C. § 1125)

65. Plaintiffs repeat and incorporate by reference the allegations in Paragraphs 1 through 64 as if each were fully set forth herein.

66.  Defendants, through the conduct herein alleged, have affixed, applied, annexed and used on and in connection with their goods and services a false designation of origin and a false description, including symbols intending falsely or misleadingly to describe a fact or represent the same which is likely to cause confusion, or to cause mistake, or to deceive as to the existence of an affiliation, connection, or other association of Defendants with Plaintiffs, or as to the existence of an origin, sponsorship, or approval by Plaintiffs of the goods and services of Defendants, and with regard to Defendants' commercial advertisement and promotion, misrepresents the nature, characteristics, and qualities of Defendants' goods and services, and Defendants have caused such goods and services and promotional materials to enter into interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.  Defendants have infringed the trademarks of Plaintiffs in violation of Section 43(a) of the Lanham Act.

68.  By reason of their violations of the Lanham Act, the Defendants have and are unfairly competing with Plaintiffs.

69.  The conduct of Defendants has been wanton and willful, and therefore constitutes willful and deliberate violations of the Lanham Act such that this case is exceptional, warranting the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

70.  As a direct and proximate result of Defendants' conduct, Defendants have and will continue to damage Plaintiffs and cause Plaintiffs irreparable harm and injury unless enjoined by this Court. Plaintiffs have no adequate remedy at law, and irreparable harm to Plaintiffs increases with each and every action undertaken by the Defendants.

## COUNT II

## <u>VIOLATION OF SECTION 32(a) OF THE LANHAM ACT</u>

### (15 U. S. C. § 1114)

71. Plaintiffs repeat and incorporate by reference the allegations in Paragraphs 1 through 70 as if each were fully set forth herein.

72. Defendants, through the conduct herein alleged, have affixed, applied, annexed and used on and in connection with their goods and services a mark which is likely to cause confusion, or to cause mistake, or to deceive as to the existence of an affiliation, connection, or other association of Defendants with Plaintiffs, or as to the existence of an origin, sponsorship, or approval by Plaintiffs of the goods and services of Defendants, and Defendants have caused such goods and services and promotional materials to enter into interstate commerce in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

73. Defendants have infringed the trademarks of Plaintiffs in violation of Section 32(a) of the Lanham Act.

74. By reason of their violations of the Lanham Act, the Defendants have and are unfairly competing with Plaintiffs.

75. The conduct of Defendants has been wanton and willful, and therefore constitutes willful and deliberate violations of Sections 32(a) of the Lanham Act such that this case is exceptional, warranting the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

76. As a direct and proximate result of Defendants' conduct, Defendants have and will continue to damage Plaintiffs and cause Plaintiffs irreparable harm and injury

unless enjoined by this Court. Plaintiffs have no adequate remedy at law, and irreparable harm to Plaintiffs increases with each and every action undertaken by the Defendants.

## COUNT III

### ANTI-CYBERSQUATTING ACT

### (15 U. S. C. 1125(d))

77. Plaintiffs repeat and incorporate by reference the allegations in Paragraphs 1 through 76 as if each were fully set forth herein.

78. Asiamed Professional, under the name AM Professional Supplies, registered a domain name, www.lhasaoms.com, which is identical to a mark held by Lhasa OMS that was distinctive at the time that Asiamed Professional registered the domain name.

79. Asiamed Professional, under the name AM Professional Supplies, registered two domain names, www.lhasaoms.net and www.lhasaoms.org, which are confusingly similar to marks held by Plaintiffs that were distinctive at the time that Asiamed registered the domain names.

80. Asiamed Professional registered the Lhasa OMS Domain Names with a bad faith intent to improperly profit from the marks held the Plaintiffs.

81. Asiamed Professional registered the Lhasa OMS Domain Names with the knowledge that the domain names were identical and/or confusingly similar to distinctive marks held by the Plaintiffs.

82. Asiamed Professional registered the Lhasa OMS Domain Names as their own after hiring Mr. Joy, who misappropriated the right to register the Lhasa OMS Domain Names from Lhasa OMS by fraud. On information and belief, Asiamed

{K0270981.1}                                16