Professional knew that Mr. Joy had misappropriated the right to register the domain names and is complicit in the misappropriation of the domain names.

83.  Asiamed Professional has no trademark or intellectual property rights in any of the Lhasa OMS Domain Names.

84.  The Lhasa OMS Domain Names do not contain the name of Asiamed Professional or any of the Defendants or any name that is commonly used to identify Asiamed Professional or any of the Defendants.

85.  Asiamed Professional has no prior or current use of the Lhasa OMS Domain Names in connection with the bona fide offering or any goods or services.

86.  Asiamed Professional has no prior or current bona fide noncommercial or fair use of any of the Plaintiffs' marks in a site accessible under any of the Lhasa OMS Domain Names.

87.  Asiamed Professional registered the Lhasa OMS domain names with intent to injure the business of Lhasa OMS by preventing Lhasa OMS from operating a web-site using its own mark.

88.  Asiamed Professional intentionally failed to maintain accurate contact information with respect to the registration of the Lhasa OMS Domain Names.

89.  Asiamed Professional has registered multiple domain names that it knows are identical or confusingly similar to marks held by the Plaintiffs that were distinctive at the time of registration.

90.  Asiamed Professional does not believe and does not have reasonable grounds to believe that the use of the Lhasa OMS Domain Names is a fair use or is otherwise lawful.

91. By reason of their violations of the Anticybersquatting Consumer Protection Act, Asiamed has and is unfairly competing with Plaintiffs.

92. The conduct of Defendants has been wanton and willful, and therefore constitutes willful and deliberate violations of the Lanham Act such that this case is exceptional, warranting the assessment of treble damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

93. As a direct and proximate result of Defendants' conduct, Defendants have and will continue to damage Plaintiffs and cause Plaintiffs irreparable harm and injury unless enjoined by this Court to transfer the Lhasa OMS Domain Names to Lhasa OMS. Plaintiffs have no adequate remedy at law, and irreparable harm to Plaintiffs increases with each and every action undertaken by the Defendants.

## COUNT IV

## CONVERSION

94. Plaintiffs repeat and incorporate by reference the allegations in Paragraphs 1 through 93 as if each were fully set forth herein.

95. Defendants took dominion and control over the trademarks and other intellectual property of Plaintiffs, including but not limited to, the Lhasa OMS Domain Names without the consent or knowledge of Plaintiffs.

96. As a direct and proximate result of the conversion of the intellectual property by Defendants, Plaintiffs have suffered damages.

## COUNT V

### COMMON LAW UNFAIR COMPETITION

97. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 96 as if each were fully set forth herein.

98. Defendants wrongfully used and held themselves out as the owner of the marks Lhasa OMS and OMS.

99. Defendants intended to and have succeeded in causing confusion, mistake, and deception as to the true owner of the mark Lhasa OMS.

100. Defendants intentionally usurped the good will of Plaintiffs by intentionally and willfully holding Lhasa OMS out as Defendants' own mark.

101. Defendants, by reason of the foregoing conduct, have attempted to compete unfairly and have competed unfairly against the Plaintiffs with the specific intent to destroy Plaintiffs' ability to conduct their business.

102. The conduct of Defendants was and continues to be intentional, willful, malicious, and in bad faith.

103. Plaintiffs have been and will continue to be irreparably harmed as a direct result of Defendants' unlawful actions unless Defendants are enjoined from engaging in their unfair acts.

104. Plaintiffs are entitled to injunctive relief, and to recover from Defendants all damages sustained and all gains, profits, and advantages obtained by Defendants as a result of their unlawful acts.

## COUNT VI

### **MISAPPROPRIATION**

105. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 104 as if each were fully set forth herein.

106. Defendants have and continue to knowingly, willfully, and unfairly misappropriate Plaintiffs' intellectual property and other confidential and proprietary business information of and belonging to Plaintiffs for the purpose of unfairly gaining a commercial advantage to the exclusion of Plaintiffs, and to usurp the good will and other legitimate business interest of Plaintiffs.

107. Plaintiffs have been and continue to be damaged by Defendants' tortuous misappropriation.

## COUNT VII

### **BREACH OF FIDUCIARY DUTY**

108. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 107 as if each were fully set forth herein.

109. At all times relevant hereto, through his resignation on September 17, 2003, Mr. Joy was a key employee of Lhasa OMS and held a position of trust and confidence with Plaintiffs as Senior Manager.

110. At all times relevant hereto, Mr. Joy owed Plaintiffs a fiduciary duty of utmost loyalty and good faith.

111. Mr. Joy breached his fiduciary duty owed to Plaintiffs by committing fraud against Plaintiffs with respect to the Domain Names; failing to disclose the truth about the Domain Names registration; misappropriating the intellectual property of

Plaintiffs for the benefit of a competitor or his own personal benefit; participating in a scheme to create a competing business to the detriment of Plaintiffs; utilizing the confidential and proprietary business information of and belonging to Plaintiffs to assist in the creation of a competing enterprise; and in other ways that will be proven at trial.

112. As a direct and proximate result of the breach of fiduciary duty committed by Mr. Joy, Plaintiffs have suffered and continue to suffer damages.

113. The breach of fiduciary duty by Mr. Joy has caused and continues to cause Plaintiffs irreparable injury.

## COUNT VIII

## **BREACH OF IMPLIED CONTRACT**

114. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 113 as if each were fully set forth herein.

115. Mr. Joy, as an employee, had an implied contract with Plaintiffs not to use confidential or proprietary business information of Plaintiffs gained through his employment with Plaintiffs for the benefit of a competitor.

116. Mr. Joy had access to the confidential and proprietary business information of Plaintiffs while he was employed by Plaintiffs.

117. Mr. Joy terminated his employment with Plaintiffs.

118. Defendant Asiamed Professional directly or indirectly competes with the business of Plaintiffs.

119. Mr. Joy is employed by or is or has been providing services to and on behalf of Asiamed Professional.

120.    Mr. Joy breached his implied contract with Plaintiffs not to use the confidential and proprietary information of Plaintiffs for the benefit of Asiamed Professional.

121.    Mr. Joy will continue to violate the rights of Plaintiffs and will continue to use confidential information of Plaintiffs for the benefit of Asiamed Professional.

122.    As a direct and proximate result of the breach of the implied contractual duty by Mr. Joy, Plaintiffs have suffered damages.

123.    As a direct and proximate result of the breach of the implied contractual duty by Mr. Joy, Plaintiffs have suffered and continue to suffer irreparable harm, for which Plaintiffs are entitled to a preliminary and permanent injunction.

## COUNT IX

## THEFT OF TRADE SECRETS

### (M. G. L. c. 93, § 42)

124.    Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 123 as if each were fully set forth herein.

125.    Defendants knowingly, willfully, and intentionally stole, copied, or utilized confidential and proprietary business information of and belonging to Plaintiffs.

126.    The confidential and proprietary business information stolen, copied, or utilized by Defendants constitutes trade secrets of and belonging to Plaintiffs, pursuant to G. L. c. 93, § 42.

127.    As a direct and proximate result of Defendants' actions, Plaintiffs have been and continue to suffer damages.

128.   Plaintiffs are entitled to an award of damages against Defendants for violation of G. L. c. 93, § 42, including double the actual damages sustained by Plaintiffs as a result of Defendants' violations of the statute.

## COUNT X

## **BREACH OF CONTRACT**

129.   Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 128 as if each were fully set forth herein.

130.   Defendant Asia-Med and Plaintiff OMS entered into the Confidentiality Agreement.

131.   Pursuant to the Confidentiality Agreement, Defendant Asia-Med agreed not to utilize any confidential business information of Plaintiff OMS obtained during the course of negotiations for any purpose other than to conduct negotiations.

132.   In accordance with the Confidentiality Agreement, Plaintiff OMS transmitted to Defendant Asia-Med and gave Asia-Med access to the confidential and proprietary business information of Plaintiff OMS.

133.   Defendant Asia-Med breached the Confidentiality Agreement by utilizing the confidential and proprietary business information obtained from Plaintiff OMS for the benefit of Defendants following the termination of negotiations.

134.   As a direct and proximate result of the breach by Defendant Asia-Med, Plaintiff OMS has sustained damages.

## COUNT XI

### UNFAIR AND DECEPTIVE TRADE PRACTICES

### (M. G. L. c. 93A)

135. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 134 as if each were fully set forth herein.

136. Plaintiffs are engaged in trade or commerce within the Commonwealth of Massachusetts.

137. Defendants are engaged in trade or commerce within the Commonwealth of Massachusetts.

138. Defendants willfully and knowingly infringed the federal trademarks owned by Plaintiffs; misappropriated Plaintiffs' trade secrets; stole Plaintiffs' intellectual property; utilized Plaintiffs' confidential and proprietary business information; and engaged in other acts of unfair competition that will be proven at trial.

139. Defendants engaged in unfair and deceptive trade practices in violation of Massachusetts General Laws ch. 93A, § 11.

140. The conduct of Defendants occurred primarily and substantially within the Commonwealth of Massachusetts.

141. Defendants caused Plaintiffs to suffer injury in the Commonwealth.

142. As a direct and proximate result of the unfair and deceptive conduct of Defendants, Plaintiffs suffered damages, to include economic damages and financial injury.

143. Defendants knowingly and willfully engaged in unfair and deceptive trade practices with respect to Plaintiffs.

{K0270981.1}                                        24

144. Defendants are liable for multiple damages for a knowing and willful violation of Massachusetts General Laws ch. 93A, § 11.

### COUNT XII

### CIVIL CONSPIRACY

145. Plaintiffs repeat and incorporate by reference the allegations contained in Paragraphs 1 through 144 as if each were fully set forth herein.

146. Defendants knowingly and intentionally acted in concert to deprive Plaintiffs of their confidential and proprietary business information; misappropriate the confidential business information of Plaintiffs; breach the Confidentiality Agreement; infringe the registered trademarks of Plaintiffs; convert the Domain Names of Plaintiffs; and otherwise to harm to the business of Plaintiffs.

147. Defendants have given substantial assistance to Mr. Joy in breaching his fiduciary duty owed to Plaintiffs.

148. Defendants acted with a common design to harm the legitimate business interests of Plaintiffs.

149. As a direct and proximate result of the actions of Defendants acting in concert, Plaintiffs have suffered damages.

150. Defendants are jointly and severally liable for all damages sustained by Plaintiffs.

### VI. REQUEST FOR RELIEF

**WHEREFORE**, Plaintiffs hereby respectfully request this Honorable Court to:

1. Enter judgment in favor of Plaintiffs against Defendants on all Counts of the Complaint and award damages;

2. Order the Defendants Asiamed Professional, AM Holdings, and/or Michael Joy to forfeit and transfer immediately and unconditionally to Plaintiffs the Domain Name registrations for www.lhasaoms.com, www.lhasaoms.net, www.lhasaoms.org, and any other variation of the Lhasa OMS Domain Names registration utilizing Lhasa, OMS, or Lhasa OMS;

3. Enter a preliminary and permanent injunction prohibiting Defendants Asiamed Professional and AM Holdings and their officers, agents, servants, employees, attorneys, subsidiaries, divisions and all persons and entities acting in concert, in privity, or in participation with them from: (a) using in connection with the sale, offering for sale, distribution or advertisement of any oriental medical supplies the Plaintiffs' trademarks; (b) infringing Plaintiffs' legal rights and their trademarks in any manner complained of herein or in any other manner; (c) unfairly competing with the Plaintiffs in the manner complained of herein, and from doing such acts as may cause products sold, offered for sale, distributed or advertised by Defendants to be mistaken for or confused with the products sold, offered for sale, distributed or advertised by the Plaintiffs;

4. Enter a preliminary injunction ordering Defendants Asiamed Professional and AM Holdings to deliver up for destruction within five (5) days all marketing materials which utilize or incorporate the Plaintiffs' trademarks in the Defendants' possession, custody or control or in the possession, custody or control of their agents, servants, employees, successors and assigns and all those acting under their authority or in privity with them;

5. Enter an order requiring Defendants Asiamed Professional and AM Holdings to file with the Court and serve upon the Plaintiffs within fourteen (14) days

after service of the injunction requested above, a report in writing and under oath setting forth in detail the manner and form in which the Defendants have complied with this injunction;

6. Enter an order requiring Defendants to account to the Plaintiffs for all profits and other monies realized by the Defendants as a result of their acts of unfair competition by reason of Defendants' conversion, misappropriation, or infringement;

7. Enter a preliminary and permanent injunction against Michael Joy requiring him to return immediately all property of and belonging to Plaintiffs, including, but not limited to, domain name registration materials, marketing materials, distribution plans, customer and/or supplier lists, business plans, patent materials, pricing materials, order forms, and contracts;

8. Enter a preliminary and permanent injunction against Michael Joy restraining and enjoining him from disclosing, utilizing, or trading on any confidential or proprietary business information of and belonging to Plaintiffs, including but not limited to, customer contact information, customer order needs, supplier contact information, supplier order needs, pricing arrangement, shipping and distribution arrangement, and business plans;

9. Award Plaintiffs damages reflecting Plaintiffs' actual damages and any profits the Defendants have made as a result of their infringement of Plaintiffs' trademarks and costs of the action, and that due to the exceptional nature of the violations, any such damages be trebled, and attorneys' fees be awarded, all as provided for under 15 U.S.C. § 1117;

10. Grant Plaintiffs damages suffered as a result of the Defendants' violations of Massachusetts General Laws, Chapter 93A; that any damages awarded under Massachusetts General Laws, Chapter 93A be trebled, and that the Court award the Plaintiffs interest, costs, and attorney's fees all as permitted under Massachusetts General Laws, Chapter 93A;

11  Award Plaintiffs statutory damages for each and every violation of the Anti-Cybersquatting Consumer Protection Act, in an amount to be determined by the Court, plus attorneys' fees and costs pursuant to 15 U.S.C. § 1117(d);

12  Award Plaintiff their actual damages sustained, sustained any profits earned by Defendants, for each and every violation of the Anti-Cybersquatting Consumer Protection act, including punitive damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1117; and,

13. Grant Plaintiffs such other and further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES**

Respectfully submitted,

**ORIENTAL MEDICAL SUPPLIES, INC. and LHASA OMS, INC.**

By their Attorneys,

_____
Peter F. Carr, II (BBO #600069)
Eugene R. Curry (BBO #549239)
**ECKERT, SEAMANS, CHERIN & MELLOTT, LLC**
One International Place, 18th Floor
Boston, MA 02110
(617) 342-6800

DATED: November 13, 2003

{K0270981.1}                    28